THOMAS B. FERNALD *vs.* GEORGE W. YOUNG.

Waldo. Opinion August 1, 1884.

*Trespass. Tender. Practice. R. S., c. 82, § 20.*

When a tender of amends has been made for an involuntary trespass, for which an action of trespass is commenced, the money must be brought into court on the first day of the return term of the writ to be of avail under the provisions of R. S., c. 82, § 20.

ON EXCEPTIONS.

Trespass on lands. The defendant pleaded the general issue and filed a brief statement disclaiming all title to the land described in the writ, and alleging that the trespass was involuntary, and that before action brought he tendered sufficient amends therefor.

At the trial it was admitted that before action brought the defendant tendered the plaintiff the sum of three dollars, but the money was not brought into court at the return term, nor at any

time, until after the testimony was out, when it was placed in the hands of the clerk.

The jury returned a verdict for the plaintiff in the sum of two dollars, and found specially that the trespass was involuntary.

After verdict the defendant moved for costs. The presiding judge denied the motion and ordered judgment entered up for costs for the plaintiff.

From this ruling, denial and order of the presiding judge, the defendant alleged exceptions.

*Knowlton and Knowlton,* for the plaintiff.

*Fogler and Hersey,* for the defendant.

PER CURIAM.

In actions of trespass on lands, the defendant may file a brief statement disclaiming all title to the land described, and alleging that the trespass was involuntary, or by negligence or mistake, or in the prosecution of a legal right, and that before action brought he tendered sufficient amends therefor; and if on trial he establishes the truth of his allegations, he shall recover costs. R. S., c. 82, § 20. The question is whether one who has made such a tender will lose the benefit of it if he does not bring the money into court on the first day of the return term of the writ. It is the opinion of the court that he will; that such must be regarded as the settled law of this state; that in this particular there is no difference between tender of money due on contracts,. and tender of amends for torts.